E-FILED
Tuesday, 22 February, 2005 03:57:06 PM
Clerk, U.S. District Court, ILCD

DCM/WAG/KLG/#1185583          (06976A-3001)

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TEST DRILLING SERVICE COMPANY | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. 03-3063 |
| | ) | |
| THE HANOR COMPANY, INC., PIG | ) | Judge Jeanne E. Scott |
| IMPROVEMENT CO., INC., AGRI-WASTE | ) | |
| TECHNOLOGY, INC., TERRACON, INC. | ) | Magistrate Judge Byron G. Cudmore |
| D/B/A TERRACON CONSULTANTS, INC., | ) | |
| BARRY SMITH ENTERPRISES, INC., | ) | |
| LLOYD JONES CONSTRUCTION, | ) | |
| ENVIROTECH ENGINEERING & | ) | |
| CONSULTING, INC., GSE LINING | ) | |
| TECHNOLOGY, INC., HOG SLAT, INC. | ) | |
| D/B/A HOG SLAT CONSTRUCTION CO., | ) | |
| INC. | ) | |
| | ) | |
| Defendants | ) | |

### GSE LINING TECHNOLOGY, INC. MOTION FOR LEAVE TO FILE CROSSCLAIM FOR CONTRIBUTION, FOR LEAVE TO FILE COUNTERCLAIM FOR SPOLIATION AND FOR LEAVE TO FILE THIRD-PARTY COMPLAINT FOR SPOLIATION

NOW COMES the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., by and through its attorneys, JOHNSON & BELL, LTD., pursuant to Federal Rules of Civil Procedure 13, 14 and 15 and moves this Honorable Court for entry of an Order allowing leave to file its Crossclaim for Contribution against Defendants/Cross-Defendants THE HANOR COMPANY, INC.; PIG IMPROVEMENT CO., INC.; AGRI-WASTE TECHNOLOGY, INC.; TERRACON, INC. D/B/A TERRACON CONSULTANTS, INC.; ENVIROTECH ENGINEERING & CONSULTING, INC.; HOG SLAT, INC. D/B/A HOG SLAT CONSTRUCTION CO., INC., for leave to file its Counterclaim for Spoliation against TEST DRILLING SERVICES COMPANY,

and for leave to file its Third-Party Complaint for Spoliation against DONALD RAMSEY, and in support thereof states as follows:

1. Plaintiff Test Drilling Services Company ("Test Drilling") has filed a lawsuit seeking damages for injury to its property including its equipment and oil leases, arising out of purported contamination flowing from two facilities operated by defendant Hanor.

2. Under the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/1 et seq., GSE Lining Technology, Inc. has a valid cause of action for contribution against the Defendants/Cross-Defendants as stated above. A copy of the proposed Crossclaim for Contribution is attached.

3. GSE Lining Technology, Inc. has valid causes of action against Test Drilling and/or Donald Ramsey arising out of the failure to preserve valuable evidence in this litigation. GSE Lining has only recently learned of the spoliation of this evidence through discovery in this case. A copy of the proposed Counterclaim for Spoliation is attached. A copy of the proposed Third-Party Complaint for Spoliation is attached.

4. This Motion is not being made for any improper purposed and no party will be prejudiced by the filing of GSE Lining's Crossclaim, Counterclaim, or Third-Party Complaint.

5. The Court imposed deadline for amending pleadings and filing third-party actions is March 1, 2005.

6. The statute of limitations on GSE Lining's Crossclaims for Contribution expires on March 1, 2005.

7. F.R.C.P. 15(a) provides that leave to amend a party's pleading shall be freely given when justice so requires.

WHEREFORE, Defendant/Cross-Plaintiff, GSE Lining Technology, Inc. respectfully requests this Court grant its motion and that it be given leave to file its Crossclaim for Contribution, Counterclaim for Spoliation and Third-Party Complaint for Spoliation on or before March 1, 2005.

Respectfully submitted this 22nd day of February 2005

/s/ *Keith L. Gibson*
Keith L. Gibson
JOHNSON & BELL, LTD.
Suite 4100
55 East Monroe Street
Chicago, IL 60603-5803
Tel. 312 984 0325

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of February 2005, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

William S. Thomas, thomas@rabbittlaw.com
Thomas G. Safley, tsafley@hdzlaw.com
John Nolan, jnolan@hinshawlaw.com
J. Michael Grier, mgrier@wtglaw.com
Richard F. Clough, McDFClawyers@aol.com
Anne N. Clough, McDFClawyers@aol.com
Jeffrey Baron, jbaron@bjpc.com
Curt J. Schlom, schlomc@werned.com
Edward Dwyer, edwyer@hdzlaw.com
Raylene Dewitte Grischow, rgrischow@hinshawlaw.com
Kenneth A. Slavens, tsafley@hdzlaw.com
Christopher Snow, csnow@wtglaw.com
Daniel Tranen, transcend@werned.com
Samuel M. Wendt, smw@petersonlawfirm.com
Keith L. Gibson, gibsonk@jbltd.com

/s/ Keith L. Gibson

DCM/WAG/KLG/#1186226           (06976A-3001)

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TEST DRILLING SERVICE COMPANY | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No.  03-3063 |
| | ) | |
| THE HANOR COMPANY, INC., PIG | ) | Judge Jeanne E. Scott |
| IMPROVEMENT CO., INC., AGRI-WASTE | ) | |
| TECHNOLOGY, INC., TERRACON, INC. | ) | Magistrate Judge Byron G. Cudmore |
| D/B/A TERRACON CONSULTANTS, INC., | ) | |
| BARRY SMITH ENTERPRISES, INC., | ) | |
| LLOYD JONES CONSTRUCTION, | ) | |
| ENVIROTECH ENGINEERING & | ) | |
| CONSULTING, INC., GSE LINING | ) | |
| TECHNOLOGY, INC., HOG SLAT, INC. | ) | |
| D/B/A HOG SLAT CONSTRUCTION CO., | ) | |
| INC. | ) | |
| Defendants. | ) | |
| GSE LINING TECHNOLOGY, INC. | ) | |
| | ) | |
| Defendant/Counter-Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE HANOR COMPANY, INC., PIG | ) | |
| IMPROVEMENT CO., INC., AGRI-WASTE | ) | |
| TECHNOLOGY, INC., TERRACON, INC. | ) | |
| D/B/A TERRACON CONSULTANTS, INC., | ) | |
| BARRY SMITH ENTERPRISES, INC., | ) | |
| LLOYD JONES CONSTRUCTION, | ) | |
| ENVIROTECH ENGINEERING & | ) | |
| CONSULTING, INC., HOG SLAT, INC. | ) | |
| D/B/A HOG SLAT CONSTRUCTION CO., | ) | |
| INC. | ) | |
| | ) | |
| Defendants/Counter-Defendants. | ) | |

5

## GSE LINING TECHNOLOGY, INC. CROSSCLAIM FOR CONTRIBUTION

NOW COMES the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., by and through its attorneys, JOHNSON & BELL, LTD., and for its Crossclaim for Contribution, states as follows:

## COUNT I - THE HANOR COMPANY, INC.

NOW COMES the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., by and through its attorneys, JOHNSON & BELL, LTD., and for its Crossclaim for Contribution against Defendant/Cross-Defendant, THE HANOR COMPANY, INC, and pleading in the alternative, states as follows:

1. At all times relevant hereto, there was in full force and effect in the State of Illinois an Act entitled an Act in relation to Contribution Among Joint Tortfeasors, 740 ILCS 100/1, et seq., which applies to causes of action for contribution occurring on and after March 1, 1978.

2. In the event that judgment is entered against the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., and in favor of the plaintiff, then the Defendant/Cross-Plaintiff is entitled to judgment in its favor and against the Defendant/Cross-Defendant, THE HANOR COMPANY, INC., in an amount by way of contribution commensurate with the relative degree of fault of the Defendant/Cross-Defendant in causing or contributing to the alleged injuries of the Plaintiff.

WHEREFORE, the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., respectfully requests that in the event that Plaintiff receives a judgment against it any amount whatsoever, that this Honorable Court enter an Order granting Defendant/Cross-Plaintiff GSE LINING TECHNOLOGY, INC. contribution as against the Defendant/Cross-Defendant, THE

HANOR COMPANY, INC. in an amount commensurate with its pro rata share of liability, and for any and all other relief as this Court deems just and appropriate.

## **COUNT II - PIG IMPROVEMENT CO., INC.**

NOW COMES the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., by and through its attorneys, JOHNSON & BELL, LTD., and for its Crossclaim for Contribution against Defendant/Cross-Defendant, PIG IMPROVEMENT CO., INC., and pleading in the alternative, states as follows:

1.  At all times relevant hereto, there was in full force and effect in the State of Illinois an Act entitled an Act in relation to Contribution Among Joint Tortfeasors, 740 ILCS 100/1, et seq., which applies to causes of action for contribution occurring on and after March 1, 1978.

2.  In the event that judgment is entered against the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., and in favor of the plaintiff, then the Defendant/Cross-Plaintiff is entitled to judgment in its favor and against the Defendant/Cross-Defendant, PIG IMPROVEMENT CO., INC., in an amount by way of contribution commensurate with the relative degree of fault of the Defendant/Cross-Defendant in causing or contributing to the alleged injuries of the Plaintiff.

WHEREFORE, the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., respectfully requests that in the event that Plaintiff receives a judgment against it any amount whatsoever, that this Honorable Court enter an Order granting Defendant/Cross-Plaintiff GSE LINING TECHNOLOGY, INC. contribution as against the Defendant/Cross-Defendant, PIG IMPROVEMENT CO., INC., in an amount commensurate with its pro rata share of liability, and for any and all other relief as this Court deems just and appropriate.

## COUNT III – AGRI-WASTE TECHNOLOGY, INC.

NOW COMES the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., by and through its attorneys, JOHNSON & BELL, LTD., and for its Crossclaim for Contribution against Defendant/Cross-Defendant, AGRI-WASTE TECHNOLOGY, INC., and pleading in the alternative, states as follows:

1. At all times relevant hereto, there was in full force and effect in the State of Illinois an Act entitled an Act in relation to Contribution Among Joint Tortfeasors, 740 ILCS 100/1, et seq., which applies to causes of action for contribution occurring on and after March 1, 1978.

2. In the event that judgment is entered against the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., and in favor of the plaintiff, then the Defendant/Cross-Plaintiff is entitled to judgment in its favor and against the Defendant/Cross-Defendant, AGRI-WASTE TECHNOLOGY, INC., in an amount by way of contribution commensurate with the relative degree of fault of the Defendant/Cross-Defendant in causing or contributing to the alleged injuries of the Plaintiff.

WHEREFORE, the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., respectfully requests that in the event that Plaintiff receives a judgment against it any amount whatsoever, that this Honorable Court enter an Order granting Defendant/Cross-Plaintiff GSE LINING TECHNOLOGY, INC. contribution as against the Defendant/Cross-Defendant, AGRI-WASTE TECHNOLOGY, INC., in an amount commensurate with its pro rata share of liability, and for any and all other relief as this Court deems just and appropriate.

## COUNT IV – TERRACON, INC. d/b/a TERRACON CONSULTANTS, INC.

NOW COMES the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., by and through its attorneys, JOHNSON & BELL, LTD., and for its Crossclaim for Contribution

against Defendant/Cross-Defendant, TERRACON, INC. d/b/a TERRACON CONSULTANTS, INC., and pleading in the alternative, states as follows:

1. At all times relevant hereto, there was in full force and effect in the State of Illinois an Act entitled an Act in relation to Contribution Among Joint Tortfeasors, 740 ILCS 100/1, et seq., which applies to causes of action for contribution occurring on and after March 1, 1978.

2. In the event that judgment is entered against the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., and in favor of the plaintiff, then the Defendant/Cross-Plaintiff is entitled to judgment in its favor and against the Defendant/Cross-Defendant, TERRACON, INC. d/b/a TERRACON CONSULTANTS, INC., in an amount by way of contribution commensurate with the relative degree of fault of the Defendant/Cross-Defendant in causing or contributing to the alleged injuries of the Plaintiff.

WHEREFORE, the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., respectfully requests that in the event that Plaintiff receives a judgment against it any amount whatsoever, that this Honorable Court enter an Order granting Defendant/Cross-Plaintiff GSE LINING TECHNOLOGY, INC. contribution as against the Defendant/Cross-Defendant, TERRACON, INC. d/b/a TERRACON CONSULTANTS, INC., in an amount commensurate with its pro rata share of liability, and for any and all other relief as this Court deems just and appropriate.

## COUNT V – ENVIROTECH ENGINEERING & CONSULTING, INC.

NOW COMES the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., by and through its attorneys, JOHNSON & BELL, LTD., and for its Crossclaim for Contribution against Defendant/Cross-Defendant, ENVIROTECH ENGINEERING & CONSULTING, INC., and pleading in the alternative, states as follows:

1. At all times relevant hereto, there was in full force and effect in the State of Illinois an Act entitled an Act in relation to Contribution Among Joint Tortfeasors, 740 ILCS 100/1, et seq., which applies to causes of action for contribution occurring on and after March 1, 1978.

2. In the event that judgment is entered against the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., and in favor of the plaintiff, then the Defendant/Cross-Plaintiff is entitled to judgment in its favor and against the Defendant/Cross-Defendant, ENVIROTECH ENGINEERING & CONSULTING, INC., in an amount by way of contribution commensurate with the relative degree of fault of the Defendant/Cross-Defendant in causing or contributing to the alleged injuries of the Plaintiff.

WHEREFORE, the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., respectfully requests that in the event that Plaintiff receives a judgment against it any amount whatsoever, that this Honorable Court enter an Order granting Defendant/Cross-Plaintiff GSE LINING TECHNOLOGY, INC. contribution as against the Defendant/Cross-Defendant, ENVIROTECH ENGINEERING & CONSULTING, INC., in an amount commensurate with its pro rata share of liability, and for any and all other relief as this Court deems just and appropriate.

**COUNT VI – HOG SLAT, INC. d/b/a HOG SLAT CONSTRUCTION CO., INC.**

NOW COMES the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., by and through its attorneys, JOHNSON & BELL, LTD., and for its Crossclaim for Contribution against Defendant/Cross-Defendant, HOG SLAT, INC. d/b/a HOG SLAT CONSTRUCTION CO., INC., and pleading in the alternative, states as follows:

1. At all times relevant hereto, there was in full force and effect in the State of Illinois an Act entitled an Act in relation to Contribution Among Joint Tortfeasors, 740 ILCS

100/1, et seq., which applies to causes of action for contribution occurring on and after March 1, 1978.

2. In the event that judgment is entered against the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., and in favor of the plaintiff, then the Defendant/Cross-Plaintiff is entitled to judgment in its favor and against the Defendant/Cross-Defendant, HOG SLAT, INC. d/b/a HOG SLAT CONSTRUCTION CO., INC., in an amount by way of contribution commensurate with the relative degree of fault of the Defendant/Cross-Defendant in causing or contributing to the alleged injuries of the Plaintiff.

WHEREFORE, the Defendant/Cross-Plaintiff, GSE LINING TECHNOLOGY, INC., respectfully requests that in the event that Plaintiff receives a judgment against it any amount whatsoever, that this Honorable Court enter an Order granting Defendant/Cross-Plaintiff GSE LINING TECHNOLOGY, INC. contribution as against the Defendant/Cross-Defendant, HOG SLAT, INC. d/b/a HOG SLAT CONSTRUCTION CO., INC. in an amount commensurate with its pro rata share of liability, and for any and all other relief as this Court deems just and appropriate.

Respectfully submitted this 22nd day of February 2005

/s/ *Keith L. Gibson*
Keith L. Gibson
JOHNSON & BELL, LTD.
Suite 4100
55 East Monroe Street
Chicago, IL 60603-5803
Tel. 312 984 0325

11

DCM/WAG/KLG/#1186818  (06976A-3001)

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TEST DRILLING SERVICE COMPANY | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No.  03-3063 |
| | ) | |
| THE HANOR COMPANY, INC., PIG | ) | Judge Jeanne E. Scott |
| IMPROVEMENT CO., INC., AGRI-WASTE | ) | |
| TECHNOLOGY, INC., TERRACON, INC. | ) | Magistrate Judge Byron G. Cudmore |
| D/B/A TERRACON CONSULTANTS, INC., | ) | |
| BARRY SMITH ENTERPRISES, INC., | ) | |
| LLOYD JONES CONSTRUCTION, | ) | |
| ENVIROTECH ENGINEERING & | ) | |
| CONSULTING, INC., GSE LINING | ) | |
| TECHNOLOGY, INC., HOG SLAT, INC. | ) | |
| D/B/A HOG SLAT CONSTRUCTION CO., | ) | |
| INC. | ) | |
| Defendants. | ) | |
| GSE LINING TECHNOLOGY, INC. | ) | |
| | ) | |
| Defendant/Counter-Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE HANOR COMPANY, INC., PIG | ) | |
| IMPROVEMENT CO., INC., AGRI-WASTE | ) | |
| TECHNOLOGY, INC., TERRACON, INC. | ) | |
| D/B/A TERRACON CONSULTANTS, INC., | ) | |
| BARRY SMITH ENTERPRISES, INC., | ) | |
| LLOYD JONES CONSTRUCTION, | ) | |
| ENVIROTECH ENGINEERING & | ) | |
| CONSULTING, INC., HOG SLAT, INC. | ) | |
| D/B/A HOG SLAT CONSTRUCTION CO., | ) | |
| INC. | ) | |
| | ) | |
| Defendants/Counter-Defendants. | ) | |

## GSE LINING TECHNOLOGY, INC. COUNTERCLAIM FOR SPOLIATION

NOW COMES the Defendant/Counter-Plaintiff, GSE LINING TECHNOLOGY, INC., by and through its attorneys, JOHNSON & BELL, LTD., and for its Counterclaim for Spoliation against Plaintiff/Counter-Defendant, TEST DRILLING SERVICES COMPANY, states as follows:

1. Defendant and Counter-Plaintiff, GSE Lining Technology, Inc. ("GSE Lining") is a Delaware corporation authorized to do business in Illinois. It supplied various liners for use at the two sites at issue in this litigation.

2. Upon information and belief, Plaintiff and Counter-Defendant, Test Drilling Service Company ("Test Drilling"), is a Missouri corporation, authorized to do business in Illinois.

3. Donald Ramsey ("Ramsey") is a principal and agent of Plaintiff and Counter-Defendant, Test Drilling Service Company.

4. After discovering an unusual odor from oil being produced in Greene County, Illinois, Test Drilling and/or its agent Ramsey collected samples of this oil and provided them to a Dr. Hemming of Microlab Laboratories in St. Louis Missouri.

5. Dr. Hemming then performed scientific testing on these samples. The results of that testing form the basis of certain conclusions and opinions reached by Hemming regarding the identification of bacteria found in the samples.

6. Test Drilling and/or its agent Ramsey knew, based on the conclusions of Dr. Hemming, that it would file a lawsuit against Defendant GSE Lining Technology, Inc.

7. Test Drilling and/or its agent Ramsey had a duty to immediately advise Defendant GSE Lining of Dr. Hemming's conclusions and opinions, a duty to advise GSE Lining of the existence of the samples, and a duty to preserve the samples to allow GSE Lining and opportunity to inspect and scientifically test these samples.

13

8. Test Drilling and/or its agent Ramsey failed to offer GSE Lining the opportunity to inspect and/or scientifically test these samples before they were destroyed.

9. As a result of this breach by Test Drilling and/or its agent Ramsey, it may be impossible for GSE Lining to defend itself in the lawsuit brought by Test Drilling.

10. GSE Lining will not be able to have its own experts examine and scientifically test these samples to determine the identification of certain bacteria allegedly found therein.

11. The failure of Test Drilling and/or its agent Ramsey to preserve this evidence has prejudiced GSE Lining in its defense of this case.

12. To the extent GSE Lining is found liable in this case to Test Drilling, or indirectly through a crossclaim by one of the other defendants, GSE Lining is entitled to recover from Test Drilling the total amount of damages entered against GSE Lining.

WHEREFORE, the Defendant/Counter-Plaintiff, GSE LINING TECHNOLOGY, INC., respectfully requests that in the event that any party receives a judgment against it any amount whatsoever, that this Honorable Court enter an Order granting Defendant/Cross-Plaintiff GSE LINING TECHNOLOGY, INC. a judgment as against the Plaintiff/Counter-Defendant, TEST DRILLING COMPANY, in the total amount of that judgment, and for any and all other relief as this Court deems just and appropriate.

Respectfully submitted this 22nd day of February 2005

/s/ *Keith L. Gibson*
Keith L. Gibson
JOHNSON & BELL, LTD.
Suite 4100
55 East Monroe Street
Chicago, IL 60603-5803
Tel. 312 984 0325

DCM/WAG/KLG/#1186863                    (06976A-3001)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| TEST DRILLING SERVICE COMPANY ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| vs. ) | No.  03-3063 |
| ) | |
| THE HANOR COMPANY, INC., PIG ) | Judge Jeanne E. Scott |
| IMPROVEMENT CO., INC., AGRI-WASTE ) | |
| TECHNOLOGY, INC., TERRACON, INC. ) | Magistrate Judge Byron G. Cudmore |
| D/B/A TERRACON CONSULTANTS, INC., ) | |
| BARRY SMITH ENTERPRISES, INC., ) | |
| LLOYD JONES CONSTRUCTION, ) | |
| ENVIROTECH ENGINEERING & ) | |
| CONSULTING, INC., GSE LINING ) | |
| TECHNOLOGY, INC., HOG SLAT, INC. ) | |
| D/B/A HOG SLAT CONSTRUCTION CO., ) | |
| INC. ) | |
|     Defendants. ) | |
| GSE LINING TECHNOLOGY, INC. ) | |
| ) | |
|     Defendant/Counter-Plaintiff, ) | |
| v. ) | |
| ) | |
| THE HANOR COMPANY, INC., PIG ) | |
| IMPROVEMENT CO., INC., AGRI-WASTE ) | |
| TECHNOLOGY, INC., TERRACON, INC. ) | |
| D/B/A TERRACON CONSULTANTS, INC., ) | |
| BARRY SMITH ENTERPRISES, INC., ) | |
| LLOYD JONES CONSTRUCTION, ) | |
| ENVIROTECH ENGINEERING & ) | |
| CONSULTING, INC., HOG SLAT, INC. ) | |
| D/B/A HOG SLAT CONSTRUCTION CO., ) | |
| INC. ) | |
| ) | |
|     Defendants/Counter-Defendants. ) | |

## GSE LINING TECHNOLOGY, INC. THIRD-PARTY COMPLAINT FOR SPOLIATION

NOW COMES the Defendant/Third-Party Plaintiff, GSE LINING TECHNOLOGY, INC., by and through its attorneys, JOHNSON & BELL, LTD., and for its Third-Party Complaint for Spoliation against Third-Party Defendant, DONALD RAMSEY, and pleading in the alternative, states as follows:

1. Defendant and Third-Party Plaintiff, GSE Lining Technology, Inc. ("GSE Lining") is a Delaware corporation authorized to do business in Illinois. It supplied various liners for use at the two sites at issue in this litigation.

2. Upon information and belief, Plaintiff and Counter-Defendant, Test Drilling Service Company ("Test Drilling"), is a Missouri corporation, authorized to do business in Illinois.

3. Third-Party Defendant Donald Ramsey ("Ramsey") is a principal and agent of Plaintiff and Counter-Defendant, Test Drilling Service Company.

4. After discovering an unusual odor from oil being produced in Greene County, Illinois, Test Drilling and/or its agent Ramsey collected samples of this oil and provided them to a Dr. Hemming of Microlab Laboratories in St. Louis Missouri.

5. Dr. Hemming then performed scientific testing on these samples. The results of that testing form the basis of certain conclusions and opinions reached by Hemming regarding the identification of bacteria found in the samples.

6. Test Drilling and/or its agent Ramsey knew, based on the conclusions of Dr. Hemming, that it would file a lawsuit against Defendant GSE Lining Technology, Inc.

7. Test Drilling and/or its agent Ramsey had a duty to immediately advise Defendant GSE Lining of Dr. Hemming's conclusions and opinions, a duty to advise GSE Lining of the

existence of the samples, and a duty to preserve the samples to allow GSE Lining and opportunity to inspect and scientifically test these samples.

8. Test Drilling and/or its agent Ramsey failed to offer GSE Lining the opportunity to inspect and/or scientifically test these samples before they were destroyed.

9. As a result of this breach by Test Drilling and/or its agent Ramsey, it may be impossible for GSE Lining to defend itself in the lawsuit brought by Test Drilling.

10. GSE Lining will not be able to have its own experts examine and scientifically test these samples to determine the identification of certain bacteria allegedly found therein.

11. The failure of Test Drilling and/or its agent Ramsey to preserve this evidence has prejudiced GSE Lining in its defense of this case.

12. To the extent GSE Lining is found liable in this case to Test Drilling, or indirectly through a crossclaim by one of the other defendants, GSE Lining is entitled to recover from Test Drilling the total amount of damages entered against GSE Lining.

WHEREFORE, the Defendant/Third-Party Plaintiff, GSE LINING TECHNOLOGY, INC., respectfully requests that in the event that any party receives a judgment against it any amount whatsoever, that this Honorable Court enter an Order granting Defendant/Third-Party Plaintiff GSE LINING TECHNOLOGY, INC. a judgment as against the Third-Party Defendant, DONALD RAMSEY, in the total amount of that judgment, and for any and all other relief as this Court deems just and appropriate.

Respectfully submitted this 22nd day of February 2005

/s/ *Keith L. Gibson*
Keith L. Gibson
JOHNSON & BELL, LTD.
Suite 4100
55 East Monroe Street
Chicago, IL 60603-5803
Tel. 312 984 0325