# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISCTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| Test Drilling Service Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Cause No. 03-3063 |
| | ) | |
| The Hanor Company, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TERRACON'S CROSS-CLAIMS AGAINST DEFENDANTS THE HANOR COMPANY, INC., PIG IMPROVEMENT CO., INC., AGRI-WASTE TECHNOLOGY, INC., ENVIROTECH SERVICES, INC., GSE LINING TECHNOLOGY, INC., AND HOG SLAT CONSTRUCTION CO., INC. AND DEMAND FOR JURY TRIAL**

COMES NOW Defendant Terracon, Inc. ("Terracon") and for its cross-claims against defendants The Hanor Company, Inc. ("Hanor"), Pig Improvement Co, Inc. ("PIC"), Agri-Waste Technology, Inc. ("Agri-Waste"), Envirotech Services, Inc. ("Envirotech"), GSE Lining Technology, Inc. ("GSE") and Hog Slat Construction Co, Inc., ("Hog Slat") states as follows:

**General Allegations**

1. Cross-claimant Terracon is an Iowa corporation doing business in Illinois. Terracon provided certain services related to Hanor's commercial hog confinement facilities in Greene County, Illinois.

2. Cross-claim defendant Hanor is a North Carolina corporation doing business in Illinois. On information and belief, Hanor owns and operates certain commercial hog confinement facilities in Greene County, Illinois.

3. Cross-claim defendant PIC is a Kentucky corporation doing business in Illinois. On information and belief, PIC is an operator of the Hanor commercial hog confinement facilities in Greene County, Illinois.

4. Cross-claim defendant Agri-Waste is a North Carolina corporation doing business in Illinois. On information and belief, Agri-Waste acted as a professional designer, consultant and advisor to Hanor and PIC for the commercial hog confinement facilities in Greene County, Illinois.

5. Cross-claim defendant Envirotech is an Oklahoma corporation. On information and belief, Envirotech provided professional consulting and design services for the Hanor commercial hog confinement facilities in Greene County, Illinois.

6. Cross-claim defendant GSE is a Delaware corporation doing business in Illinois. On information and belief, GSE was a contractor or subcontractor involved in the construction of the Hanor commercial hog confinement facilities in Greene County, Illinois.

7. Cross-claim defendant Hog Slat is a North Carolina corporation doing business in Illinois. On information and belief, Hog Slat constructed the Hanor commercial hog confinement facilities in Greene County, Illinois.

8. By their actions and participation in this litigation, Hanor, PIC, Agri-Waste, Envirotech, GSE and Hog Slat have subjected themselves to the jurisdiction and venue of this Court.

9. Plaintiff Test Drilling Service Company ("TDSCO"), pursuant to its First Amended Complaint, commenced an action against Terracon. TDSCO alleged various theories of liability against several defendants (of which only negligence remains) including Terracon, Hanor, PIC, Agri-Waste, Envirotech, GSE and Hog Slat.

10. Pursuant to its First Amended Complaint, TDSCO alleged that certain oil and gas mineral rights it possesses have been contaminated and rendered unusable by the construction, design and operation of Hanor's commercial hog confinement facilities in Greene County, Illinois.

11. At all times in this litigation, Terracon has denied and continues to deny that it has any liability to TDSCO.

12. At all times in this litigation, Terracon has denied and continues to deny that Terracon or any of the other defendants were negligent in the design, construction or operation of the Hanor commercial hog confinement facilities.

## COUNT I – CONTRIBUTION

13. Terracon realleges and incorporates the preceding allegations of its cross-claim as if stated fully herein.

14. Pleading in the alternative, Terracon states that if any damages were suffered by plaintiff TDSCO and judgment is entered against Terracon for said damages, then those damages were the direct and proximate result of the negligence of one or more of the cross-claim defendants Hanor, PIC, Agri-Waste, Envirotech, GSE and/or Hog Slat.

15. Should Terracon be found liable pursuant to the allegations of the First Amended Complaint, then Terracon requests (a) fault be apportioned pursuant to 740 ILCS 100/3 among all defendants and all other entities that are sued or could have been sued by plaintiff, (b) contribution for any sums, in favor of Terracon and against the cross-claim defendants Hanor, PIC, Agri-Waste, Envirotech, GSE and Hog Slat, that Terracon may be required to pay over and above that sum equal to the percentage of fault

for which Terracon may be found liable to plaintiff; and (c) for an allocation of fault among the parties to the lawsuit.

WHEREFORE, Terracon respectfully requests that should plaintiff obtain judgment in this case against Terracon:

1. For a judgment of apportionment, apportioning the fault between all defendants and cross-claim defendants that are sued or could have been sued by plaintiff pursuant to 740 ILCS 100/3;

2. Contribution be awarded for any sums that Terracon may be required to pay over and above that sum equal to the percentage of fault for which it may be found liable to the plaintiff in favor of Terracon and against Hanor, PIC, Agri-Waste, Envirotech, GSE and Hog Slat; and

3. For an allocation of fault among all parties to the lawsuit.

## COUNT II – CONTRACTUAL INDEMNIFICATION AGAINST HANOR

16. Terracon realleges and incorporates the preceding allegations of this cross-claim as if stated fully herein.

17. On or about August 24, 1995 and/or April 3, 2002, Terracon contracted with Hanor to perform certain geotechnical services related to Hanor's commercial hog confinement facilities in Greene County, Illinois. ("the Contracts").

18. Pursuant to the Contracts, Hanor "acknowledge[d] that Terracon has neither created nor contributed to the creation or existence of any hazardous, radioactive, toxic, irritant, pollutant, or otherwise dangerous substances or conditions at the site."

19. Pursuant to the Contracts, Hanor agreed to "indemnify and save Terracon, its agents, and employees harmless from any claim, liability or defense cost, including but not limited to attorney fees and other incidental costs, for injury or loss sustained by any party from such exposures."

20. Although Terracon denies and continues to deny that it has any liability to TDSCO, TDSCO's asserted claims in this litigation against Terracon may result in liabilities to Terracon for which Hanor has agreed to indemnify Terracon, pursuant to the Contracts.

21. If TDSCO prevails in its claims against Terracon, then Terracon is entitled to indemnification from Hanor pursuant to the terms of the Contracts.

WHEREFORE, Terracon respectfully requests that should plaintiff obtain judgment in this case against Terracon, Hanor be ordered to indemnify Terracon for any sums that Terracon may be required to pay, including defense costs, attorneys' fees and costs, as a result of TDSCO's alleged exposure to any pollutant or otherwise dangerous condition or substance.

### **COUNT III – BREACH OF CONTRACT AGAINST HANOR**

22. Terracon realleges and incorporates the preceding allegations of this cross-claim as if stated fully herein.

23. Pursuant to the Contracts, Hanor assumed certain obligations including, but not limited to:

    a. providing right-of-access to the site;

    b. locating any subsurface utilities existing in the area;

    c. securing all necessary approvals, permits, licenses and consents necessary to the performance of Terracon's services;

    d. furnishing Terracon with a diagram indicating the location of the site;

    e. advising Terracon of any known or suspected hazardous substances on the site;

  f.  transporting and disposing of any hazardous materials generated as a result of Terracon's scope of services at the site;

  g.  limiting Terracon's liability to Hanor and all construction contractors and subcontractors on the project arising from Terracon's professional acts, errors, or omissions or breach of contract or other cause of action such that the total aggregate of liability of Terracon to those parties shall not exceed the greater of $50,000.00 or Terracon's total fee for the services rendered on the project;

  h.  and requiring of any contractors or subcontractors a limitation of Terracon's liability of the greater of $50,000.00 or Terracon's total fee for the services rendered on the project for damages suffered or arising from Terracon's performance of services.

24. To the extent Hanor is found to have breached any of these obligations, it should be ordered to indemnify Terracon to the full extent that its breach subjects Terracon to liability in this case.

WHEREFORE, Terracon respectfully requests that should plaintiff obtain judgment in this case against Terracon judgment be entered against Hanor for all damages Terracon is obligated to pay, including defense costs, attorneys' fees and costs, as a result of any breach by Hanor of its contracts with Terracon.

## JURY DEMAND

Terracon respectfully requests a trial by jury.

                                      Respectfully submitted,

/s/ Christopher K. Snow
J. Michael Grier           IL #6275040
Christopher K. Snow     IL #6275951
WARDEN TRIPLETT GRIER
9401 Indian Creek Parkway, Suite 1100
Overland Park, KS 66210
(913) 345-5169; (913) 491-2979 (Facsimile)


Richard Clough    Illinois Bar No.00463779
Anne Clough      Illinois Bar No. 6272071
McDonald, Strickland & Clough
524 North Main Street
P.O. Box 71
Carrollton, IL 62016
(217) 942-3115; (217) 942-3178 (Facsimile)

*Attorneys for Defendant Terracon, Inc.,*